FRANK D. UPCHURCH, Jr., Judge.
This case arises from a garnishment action in which appellees Nicholson and Ariko obtained a judgment of $108,270.74 against appellant Herb Harris in his individual capacity, in his capacity as trustee for the individual property of Walter Kellin, the judgment debtor, and in his capacity as trustee in bankruptcy for Polar Chips International, Inc., a company operated by Kellin. We reverse because the record fails to support a judgment against Harris in any capacity.
Briefly stated, Harris was served with a writ of garnishment individually and as trustee of the individual property of Kellin. Harris answered the writ, claiming that he was not indebted to Kellin and knew of no one indebted to Kellin or who has any of his property or effects. At the trial below, there was no evidence that Harris was indebted to Kellin in his individual capacity or that he was the trustee of the individual property of Kellin. However, at the time he was served with the writ, Harris was the trustee in bankruptcy for Polar Chips, a company operated by Kellin, and had been ordered to pay the sum of $108,270.74 to Sanitary Ice, a third party who later joined in the bankruptcy proceedings. The court below found that Harris’ answer to the writ of garnishment was insufficient and imposed liability against Harris in all three capacities.
Harris’ answer was clearly sufficient. At the time he was served with the writ, Harris was holding funds for the benefit of Sanitary Ice, and not for Kellin. The writ was never directed to Harris as trustee in bankruptcy for Polar Chips.[1] Since the *3 evidence failed to establish that Harris was indebted to Kellin or that he was holding any funds on Kellin’s behalf; he should not have been subjected to liability in any capacity.
REVERSED.
COBB, C.J., and DAUKSCH, J., concur.

. Harris attempted to have Nicholson and Ariko held in contempt of the bankruptcy court for their prosecution “of a garnishment action against Herb Harris, Trustee” in state court. The bankruptcy court discharged the rule to show cause on the basis that the property which Nicholson and Ariko sought to garnish was not *3 the property of the debtor’s (Polar Chip’s) estate under the bankruptcy code.